UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | Case No. C06-0031-RSL-JPD |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| JANE POLINDER, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

I. FACTS AND PROCEDURAL HISTORY

On December 1, 2004, Internal Revenue Service ("IRS") agent Evelyn Stone served respondent with a summons directing her to provide testimony and certain records in connection with an IRS investigation into her tax liability for the years 2000-2003. Dkt. No. 2 at ¶¶ 2-4. Respondent failed to appear and provide the requested evidence. *Id*. at ¶¶ 5-6. On September 23, 2005, the United States filed a petition to enforce the IRS summons against respondent. Dkt. No. 1.

Respondent filed a response in opposition to the petition, Dkt. No. 5, and subsequently filed an "emergency" motion to vacate the show-cause order and dismiss the case. Dkt. No. 8. She also filed a motion to recuse all federal judges from hearing this matter, arguing that judges are biased by virtue of their obligation to pay taxes. Dkt. No. 9. The Court declined to

REPORT AND RECOMMENDATION
PAGE - 1

vacate the order to show cause and on January 20, 2006, heard arguments from respondent and her husband (who has raised similar arguments in connection with a summons in C06-0032-RSL) as to why she should not be required to comply with the summons. Dkt. No. 11.

In addition to her motion to recuse, respondent raises several arguments as to why this matter should be dismissed. Although they are somewhat difficult to follow, the primary arguments respondent raised in her papers and at the hearing are: (1) the Court lacks jurisdiction to hear this matter; (2) the United States Attorney lacks authority to petition for enforcement of IRS summonses; (3) no action exists against her because no complaint has been filed; and (4) she should not be required to give testimony or produce any records because it might implicate her Fifth Amendment right to avoid self-incrimination. She also argues that she has no tax liability for the years in question and that the summons was improperly issued to conduct a "fishing expedition."

Having carefully considered the parties' papers, supporting materials, and the record, the Court recommends GRANTING the government's petition to enforce the IRS summons against respondent. Dkt. No. 1. Respondent should be directed to comply with the summons no later than May 1, 2006, or a date mutually agreed upon by the parties. Respondent's motion to recuse all federal judges in this matter, Dkt. No. 9, and motion to dismiss and vacate, Dkt. No. 8, should be DENIED.

## II.  ANALYSIS

A.  <u>The Court Has Jurisdiction.</u>

Respondent challenges the jurisdiction of this Court to compel compliance with an IRS summons. She argues that she is not a "person" for purposes of summonses issued under 26 U.S.C. § 7602. District Courts acquire personal jurisdiction over respondents in IRS summons-enforcement cases when the show-cause order and petition for enforcement of the summons are properly served. *U.S. v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993) (internal citations omitted); *see also* 28 U.S.C. §§ 1340, 1345, and 26 U.S.C. §§ 7402(b), 7604(a).

Here, petitioner was served properly with the order to show cause and petition on December 17, 2005.  Dkt. No. 6.  The Court therefore has jurisdiction.

### B. The Motion for Recusal Should Be Denied.

Respondent argues that all federal judges should recuse themselves from this matter because they have an economic interest in its outcome by virtue of the fact that they are subject to the income tax.  As a result, respondent argues that this matter should be dismissed.  This argument is without merit.  The recusal statute, 28 U.S.C. § 455, does not require federal judges to recuse themselves from all tax cases simply because they pay income taxes.  Tax cases are regularly heard by the district courts.  Indeed, Congress has explicitly given the district courts jurisdiction to hear such matters.  *See supra* Section II. A.  The motion to recuse, Dkt. No. 9, should be denied.

### C  The Government Has Made a Prima Facie Showing of the Summons' Validity.

In order for the government to make a prima facie showing that an IRS summons has been validly issued in good faith, it must show:  (1) the investigation has a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the information sought is not already in the possession of the IRS; and (4) it followed all requisite administrative steps.  *United States v. Powell*, 379 U.S. 48, 57-58 (1964).  Declarations by the investigating agent are typically sufficient to satisfy this burden.  *Gilleran*, 992 F.2d at 233.  After the case is made, a "heavy burden" falls upon the respondent to disprove the IRS's assertions.  *U.S. v. Blackman*, 72 F.3d 1418, 1422 (9th Cir. 1995) (internal citations omitted).

Here, petitioner has satisfied its burden.  Petitioner is legitimately investigating respondent's income-tax liability in connection with offshore banking transactions and is seeking records relating to such activity.  Dkt. Nos. 1, 2. Moreover, the IRS agent investigating this matter has declared that the IRS does not have possession of the sought after records and that the proper administrative steps of the Internal Revenue Code have been followed in this matter.  Dkt. No. 2 at ¶ 14-16.  This information satisfies the government's

REPORT AND RECOMMENDATION
PAGE - 3

"minimal" burden. *Blackman*, 72 F.3d at 1422 (internal citations omitted).

    D.    <u>Respondent Has Not Shown That the Summons Was Improperly Issued</u>.

Because the government has made a prima facie showing that the summons was validly issued in good faith, respondent has a "heavy burden" to rebut its validity. *Blackman*, 72 F.3d at 1422 (internal citations omitted). Aside from her vague and conclusory allegations to the contrary, respondent has offered no credible evidence that satisfies her heavy burden.

    1.    <u>The Agent Has Authority to Issue The Summons</u>.

Respondent's argument that the IRS lacks the authority to issue a summons lacks merit. The Internal Revenue Code authorizes the Secretary of the Treasury

> to summon the person liable for tax . . . or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and . . . [to take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

26 U.S.C. § 7602(a). The Commissioner of the IRS is authorized to employ agents and other personnel to carry out the law and has issued regulations that guide that enforcement. 26 U.S.C. § 7804(a); 26 C.F.R. § 301.7602-1(a), (b). Respondent's references to other provisions in the United States Code are misplaced.

    2.    <u>Service of a Complaint Is Not Required</u>.

Respondent's argument that no action is actually pending against her because she was never served with a complaint also lacks merit. As discussed above, petitioner has made a prima facie showing that the summons is valid. This is not a traditional "civil action," but rather a petition to enforce an IRS summons. Service of a complaint is not required. *See Gilleran*, 992 F.2d at 233 (discussing steps for issuing and enforcing a valid IRS summons).

REPORT AND RECOMMENDATION
PAGE - 4

3.      Respondent's Fifth Amendment Claims Are Premature.

       Respondent also argues that the Fifth Amendment protects her from having to testify

and disclose the documents requested in the summons because they may potentially

incriminate her in a subsequent criminal proceeding. It is premature for respondent to raise

this argument at the summons-enforcement stage. *U.S. v. Bell*, 57 F. Supp. 2d 898, 907 (N.D.

Cal. 1999) (*citing U.S. v. Rendahl*, 746 F.2d 553, 555 (9th Cir. 1984)). Rather, respondent

must first appear at the IRS examination and raise the privilege on a document-by-document

or question-by-question basis, as applicable. *Id.*

             4.      Miscellaneous Claims.

       Respondent also argues that she has no tax liability for the years in question and that

the summons was improperly issued to conduct a "fishing expedition." These allegations,

however, are insufficient to rebut the government's prima facie showing of validity. As

discussed above, the IRS agent investigating this matter has averred that the proper

administrative procedures have been followed, the investigation is legitimate, and the evidence

sought is relevant. The issue at this stage of the proceedings is not whether, as respondent

contends, she is or is not liable for the taxes during the period in question, but whether the

summons has been properly issued and can be enforced. Based on the foregoing, the Court

must conclude that the summons has been properly issued.

                            III.  CONCLUSION

       For the reasons discussed above, the Court recommends GRANTING the

government's petition to enforce the IRS summons against respondent. Dkt. No. 1.

Respondent should be directed to comply with the summons no later than May 1, 2006, or on

REPORT AND RECOMMENDATION
PAGE - 5

01 a date mutually agreed upon by the parties.  Respondent's motion to recuse all federal judges,

02 Dkt. No. 9, and motion to dismiss and vacate, Dkt. No. 8, should be DENIED.

DATED this 25th day of January, 2006.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6